**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Leonard R. Woods,<br><br>    Petitioner<br><br>v.<br><br>Jeremy Bean, *et al.*,<br><br>    Respondents | Case No.: 2:23-cv-00233-JAD-VCF<br><br>**Order Granting Motion for Leave to File Exhibit Under Seal**<br><br>[ECF No. 19] |

Counseled petitioner Leonard R. Woods filed a first amended petition for writ of habeas corpus on September 6, 2023,[1] along with supporting exhibits.[2] He also filed a motion for leave of court to file one of his exhibits under seal, and he filed the exhibit in question under seal.[3] Respondents did not respond to Woods's motion.

While there is a strong presumption in favor of public access to judicial filings and while courts prefer that the public retain access to them,[4] a court may seal its records if a party demonstrates "compelling reasons" to do so.[5] "Compelling reasons" exist where the records could be used for improper purposes.[6] The exhibit that Woods proposes to file under seal is a PowerPoint presentation, which was used at his trial, and which includes an autopsy photo depicting a nude body.

---

[1] ECF No. 17.

[2] ECF No. 18.

[3] ECF Nos. 19, 20.

[4] *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978).

[5] *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006).

[6] *Id*. at 1179 (citing *Nixon*, 435 U.S. at 598).

I find that there are compelling reasons for the exhibit to be filed under seal. So, IT IS ORDERED that Woods's motion for leave to file exhibit under seal **[ECF No. 19] is GRANTED**. As the exhibit in question—Exhibit 3—has already been filed under seal, the Clerk of Court is directed to **MAINTAIN THE SEAL on ECF No. 20**.

IT IS FURTHER ORDERED that **Jeremy Bean is substituted for Brian Williams as the respondent warden** under Federal Rule of Civil Procedure 25(d). The Clerk of the Court is directed to update the docket to reflect this change.

_____
U.S. District Judge Jennifer A. Dorsey
September 29, 2023