UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Leonard R. Woods, | Case No.: 2:23-cv-00233-JAD-MDC |
| Petitioner | |
| v. | **Order Granting in Part and Denying in Part Motion to Dismiss** |
| Terry Royal, *et al.*, | **[ECF No. 28]** |
| Respondents | |

Counseled petitioner Leonard R. Woods brings this federal habeas action to challenge his 2019 Nevada state-court conviction for the murder of his girlfriend and various unrelated crimes against her teenage daughter. The respondents move to dismiss three of Woods's seven habeas grounds as unexhausted or noncognizable.[1] I grant the motion as to ground five because it is barred by the United States Supreme Court's holding in *Stone v. Powell*[2] that habeas relief is not available for an unconstitutional-seizure claim that was fully litigated at trial, but I deny it on the remaining claims and give the respondents until April 22, 2025, to file their answer.

**Background**

On July 17, 2015, police officers responded to a report of child molestation and made contact with the victim, 15-year-old D.L., and her mother, Josie Jones.[3] D.L. said that her mother's boyfriend—Woods—had inappropriately touched her.[4] The police arrested Woods but

---

[1] ECF No. 28.
[2] *Stone v. Powell*, 428 U.S. 465, 494 (1976).
[3] ECF No. 34-16 at 6.
[4] *Id*.

soon released him.[5] On August 5, 2015, Josie was fatally stabbed in a drugstore parking lot, while D.L. screamed for help.[6] D.L. and two other witnesses identified Woods as the attacker.[7]

In May 2019, following a six-day jury trial in Nevada's Eighth Judicial District Court for Clark County at which Woods represented himself,[8] Woods was convicted of murder with the use of a deadly weapon, two counts of capturing an image of the private area of another person, open or gross lewdness, and two counts of ownership or possession of a firearm by an ex-felon.[9] Woods was sentenced to life without the possibility of parole for the murder, plus a consecutive 96 to 240 months in prison for the deadly weapon enhancement; for the other crimes, he was sentenced to additional prison time to be served concurrent with his life sentence.[10]

The Nevada Supreme Court affirmed the judgment of conviction on November 3, 2020, and denied rehearing and en banc reconsideration.[11] Woods then filed a pro se state postconviction petition, which the state district court denied.[12] Woods appealed, and the Nevada Supreme Court affirmed on August 11, 2022.[13]

This court received Woods's pro se federal petition for writ of habeas corpus on February 14, 2023.[14] On Woods's motion, I appointed the Federal Public Defender for the District of

---

[5] *Id.*

[6] *Id.*

[7] *Id.* at 7.

[8] ECF Nos. 32-6, 32-10, 32-11, 32-12, 32-13, 32-17.

[9] ECF No. 33-1.

[10] *Id.*

[11] ECF Nos. 34-2, 34-4, 34-6.

[12] ECF Nos. 34-10, 34-15.

[13] ECF No. 34-25.

[14] ECF Nos. 1, 4.

2

Nevada as his counsel,[15] who then filed Woods's amended habeas petition on September 6, 2023.[16] That amended petition—Woods's operative one here—includes the following claims:

> Ground one: Woods's trial counsel made racist comments resulting in a breakdown in the attorney-client relationship, violating his rights to counsel, fair trial, and equal protection under the Fifth, Sixth, and Fourteenth Amendments.
>
> Ground two: The trial court violated Woods's Sixth and Fourteenth Amendment right to counsel by denying his repeated requests for substitution of counsel.
>
> Ground three: The trial court violated Woods's right to self-representation and due process under the Sixth and Fourteenth Amendments by denying his right to personally voir dire jurors during the canvass.
>
> Ground four: Woods's rights to a fair trial and due process under the Fifth, Sixth, and Fourteenth Amendments were violated when the prosecution committed misconduct by:
>
>   A. Undermining Woods's presumption of innocence
>
>   B. Improperly using leading questions
>
>   C. Misleading the jury with facts not in the evidence
>
> Ground five: Woods's right to due process under the Fifth and Fourteenth Amendments was violated when the court failed to suppress the contents of his cellphone.
>
> Ground six: Woods's right to a fair trial under the Sixth and Fourteenth Amendments was violated when the court failed to instruct the jury on an essential element of the weapons charge.
>
> Ground seven: The cumulative effect of the errors raised in Woods's petition violated his rights to Due Process and a Fair Trial under the Fifth, Sixth, and Fourteenth Amendments.

---

[15] ECF No. 3.

[16] ECF No. 17.

The respondents move to dismiss grounds one, five, and seven.[17]  They contend that ground one must be dismissed as unexhausted.  Both sides agree that ground one is technically exhausted because is procedurally barred in state court.  Woods contends that he can overcome that procedural default, but the respondents disagree.  Respondents argue that ground seven is unexhausted because Woods never presented to the state court a cumulative-error claim with all the bases he alleges here and, regardless, a cumulative-error claim shouldn't be cognizable on federal habeas review.  Finally, they add that the unconstitutional-seizure claim in ground five is precluded by Supreme Court precedent barring such claims when the state provided the petitioner a full and fair opportunity to litigate that theory at trial.

**Analysis**

**A.    Ground one is technically exhausted because it would be procedurally defaulted, but the court defers the cause-and-prejudice analysis until the merits phase.**

In ground one, Woods claims that his trial counsel was constitutionally ineffective because she made racist comments that resulted in a "complete breakdown in the attorney-client relationship."[18]  He concedes that he did not present this claim to the state court but contends that the claim should be deemed technically exhausted by procedural default and that his default should be excused, permitting this court to review this claim.[19]  Respondents don't dispute that Woods is procedurally defaulted from bringing this claim in state court, but they argue that he cannot show the cause and prejudice needed to overcome that default.[20]

---

[17] ECF No. 28.  Respondents also argued that several grounds are time-barred by the statute of limitations, but they abandoned that argument in their reply.  ECF No. 49 at 1–2.

[18] ECF No. 17 at 6–11.

[19] ECF No. 44 at 5–6.

[20] ECF No. 49 at 2–4.

> **1.    A petitioner may overcome procedural default of a technically exhausted ineffective-assistance-of-trial-counsel claim under <u>Martinez v. Ryan</u>.**[21]

Because a habeas petitioner must give the state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, the federal court will not consider a state prisoner's petition for habeas relief until he has properly exhausted his available state remedies for all claims raised.[22] A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings.[23] To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[24]

Under certain circumstances, a petitioner may argue that a claim that was not presented in state court is technically exhausted "if state procedural rules would now bar the petitioner from bringing the claim in state court."[25] To show technical exhaustion by procedural default, the record must reflect that "it is clear that the state court would hold the claim procedurally barred."[26] If that claim would have been procedurally defaulted, a petitioner may argue that his default should be excused under the cause-and prejudice standard articulated by the Supreme

---

[21] *Martinez v. Ryan*, 566 U.S. 1 (2012).

[22] *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).

[23] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[24] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[25] *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).

[26] *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002).

Court in *Coleman v. Thompson*.[27] To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule.[28] That external impediment must have prevented the petitioner from raising the claim.[29]

In most cases, this court has been unreceptive to claims of technical exhaustion by procedural default if the petitioner also claims he could establish cause and prejudice or actual innocence to excuse that default. On one hand, if a petitioner has an argument for cause and prejudice or actual innocence under the substantially similar state and federal standards, then he could not establish that "it is clear that the state court would hold the claim procedurally barred,"[30] and the ground would not be technically exhausted. On the other hand, if a petitioner had no arguments for cause and prejudice or actual innocence, then the ground would be technically exhausted but also subject to dismissal as procedurally defaulted. But, when federal law recognizes a potential basis to excuse a procedural default and the Nevada state courts do not, then the petitioner can argue in federal court both that a ground is technically exhausted and that an excuse for the procedural default exists.

Ineffective-assistance-of-trial-counsel claims are one area in which this dichotomy exists. The United States Supreme Court held in *Martinez v. Ryan* that ineffective assistance of state postconviction counsel (or the lack of counsel in state postconviction proceedings) could excuse

---

[27] *Coleman*, 501 U.S. at 750. Woods does not argue that the "failure to consider [his] claims will result in a fundamental miscarriage of justice," *id.*, so I do not address this alternate standard for excusing default that was also identified in *Coleman*.

[28] *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (emphasis added).

[29] *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

[30] *Sandgathe*, 314 F.3d at 376.

a procedurally defaulted IAC claim under certain conditions.[31] But the Nevada Supreme Court has declined to follow the *Martinez* Court's approach.[32] So a Nevada habeas petitioner who can rely on *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable argument for cause and prejudice under federal law.

### 2. *Ground one is technically exhausted and procedurally defaulted, but the cause-and-prejudice analysis is better resolved at the merits phase.*

Woods contends that ground one is technically exhausted though he didn't present it to the state court because if he were to try and exhaust it now, the state court would find the claim procedurally barred under the one-year statute of limitations that applies to state postconviction petitions and Nevada's rule barring successive petitions.[33] The record is clear that both of those procedural bars would apply if Woods attempted to return to state court and exhaust his claim, so ground one is technically exhausted because it would be denied under Nevada's procedural rules.

Woods argues that he can overcome this procedural default. But whether Woods can show cause and prejudice under *Martinez* is so intertwined with the merits of the claim that it will be better addressed after merits briefing. So I deny respondents' motion to dismiss ground

---

[31] *Martinez v. Ryan*, 566 U.S. 1 (2012). For this to happen, the petitioner must demonstrate that (1) the claim of ineffective assistance of trial counsel is substantial; (2) ineffective assistance of post-conviction counsel (or lack of counsel) is the cause of the default; (3) the post-conviction proceedings were the initial review proceedings for the ineffective-assistance-of-trial-counsel claim; and (4) state law requires, or practically requires, that the claim be raised in the initial post-conviction proceedings. *Trevino v. Thaler*, 569 U.S. 413, 423 (2013).

[32] *Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014).

[33] ECF No. 44 at 6 (first citing Nev. Rev. Stat. § 34.726 (statute of limitations), then citing Nev. Rev. Stat. § 34.810(2) (statute barring successive petitions)).

one without prejudice to their ability to assert the procedural-default defense to this claim along with their arguments on the merits of the claim in their answer.

**B.   Ground five must be dismissed because it is barred by controlling Supreme Court precedent.**

In ground five, Woods claims that his federal constitutional rights were violated because the trial court failed to suppress the contents of his cellphone.[34]  Respondents argue that this claim is not cognizable on federal habeas review under the Supreme Court's decision in *Stone v. Powell*.[35]  In *Stone*, the Court held that if "the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, [then] a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.[36]  "The relevant inquiry is whether [the] petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided."[37]  The petitioner bears the burden of showing that the state courts did not provide a full and fair opportunity to litigate his Fourth Amendment claim.[38]  Woods contends that *Stone* does not bar his claim because the state courts denied him an evidentiary hearing on his motion to suppress.[39]

---

[34] ECF No. 17 at 36–39.

[35] *Stone v. Powell*, 428 U.S. 465 (1976).

[36] *Id.* at 494.

[37] *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996).

[38] *Woolery v. Arave*, 8 F.3d 1325, 1328 (9th Cir. 1993).

[39] ECF No. 44 at 9–14.

> **1.    The trial court heard Woods's motion to suppress twice but didn't grant his request for an evidentiary hearing.**

Woods filed a pretrial motion to suppress, arguing that the phone in question was seized by the police from the car he was driving—Josie's car—when he was arrested the first time on July 17, 2015; that it was not returned to him when he was released from custody following that arrest; and that it was held until August 6th (after Josie was murdered) when the police sought a warrant to search the phone.[40] Woods claimed that the delay in obtaining the search warrant was excessive.[41] The trial court held hearings on the motion to suppress and related motions on October 18 and November 5, 2018.[42]

At the October hearing, Woods claimed a possessory interest in the phone.[43] But at the second hearing, he appeared to change his position and refused to say that the phone was his.[44] There was discussion about whether Woods requested that the phone be returned to him when he was released from custody after his first arrest.[45] Woods told the court that he asked what happened to the phone, but he did not say that he asked to have it returned to him.[46] Those were the only factual issues that Woods raised and discussed in any detail at the suppression hearings. Woods was given the opportunity to tell his side of the story with respect to those issues, and he

---

[40] *Id*. at 9–10; *see* ECF No. 30-29 (motion to suppress).

[41] *Id*.

[42] ECF No. 31-14 at 4–12; ECF No. 31-25 at 8–29 (transcripts).

[43] ECF No. 31-14 at 7.

[44] ECF No. 31-25 at 9–11, 22–25. At trial, Woods admitted that the phone was his. *See*, *e.g.*, ECF No. 32-11 at 42, 45, 48 (in opening statement, referring to the phone as "my phone"); ECF No. 32-17 at 60 (in closing argument, referring to the phone as "my cellphone").

[45] ECF No. 31-25 at 27–28.

[46] *Id*.

9

did not suggest that he had any other evidence to offer regarding them. Between those two hearings—on November 1, 2018—Woods filed a written motion requesting an evidentiary hearing "to reveal why [the detective] unreasonably delayed obtaining a search warrant and why he doesn't follow proper warrant procedure which would result in the suppression of the fruits of the search of the hard drive," but he did not specify what evidence he would offer at any such evidentiary hearing.[47]

### 2. *The Nevada Supreme Court denied his unlawful-search claim on direct appeal and in postconviction proceedings.*

Woods asserted his Fourth Amendment claim on direct appeal. He claimed that he had requested an evidentiary hearing but that his request was denied, and he asked that the case be remanded to the state district court for an evidentiary hearing, but he still did not describe any evidence that he would offer.[48] The Nevada Supreme Court denied relief on the claim:

> Here, officers seized Woods's cell phone and 21 days later obtained a warrant to search it. The district court found that Woods never requested the return of his cell phone, and that police officers initially seized the phone and then transferred it to detectives who performed a forensic investigation. Moreover, an officer declared in an affidavit that Woods's cell phone was impounded for transfer to detectives. The district court also found that Woods was in custody for four days following the seizure of his cell phone. He was arrested again following Jones's murder, which occurred before officers obtained the warrant to search his cell phone.
>
> As in [*United States v. Sullivan*, 797 F.3d 623, 635 (9th Cir. 2015)], Woods's in-custody status for five days during the delay— and more importantly his failure to request the return of his cell phone—significantly reduced his possessory interest in it. *Id.* at 633; *see also* [*United States v. Christie*, 717 F.3d 1156, 1163 (10th Cir. 2013) (holding that the defendant's failure to request the

---

[47] ECF No. 31-22.

[48] *See* ECF No. 33-18 at 66–79 (opening brief); ECF No. 33-30 at 23–31 (reply brief).

>return of the property reduced his possessory interest in it). Also as in *Sullivan*, the delay here was partially because officers had to transfer the cell phone to detectives for a forensic examination. *See* 797 F.3d at 635. Thus, we conclude that the district court did not err by denying Woods's motion to suppress the contents of his cell phone.[49]

In his state postconviction proceedings, Woods reasserted his claim that the trial court erred when it denied his motion to suppress without conducting an evidentiary hearing.[50] The state district court denied that claim, holding that "the Nevada Supreme Court had already determined that the court's denial of petitioner's motion to suppress was proper[,]" so Woods could not "successfully assert that an evidentiary hearing was necessary."[51] Woods appealed that finding, and the Nevada Supreme Court affirmed, ruling that it had already considered, rejected, and resolved the claim on Woods's direct appeal.[52] At no point in any of these state-court proceedings did Woods describe any evidence that he would have offered at an evidentiary hearing on the motion to suppress. Even now, in his federal habeas action, Woods fails to point to any evidence he could have offered on this suppression issue.[53]

### 3. *Woods received a full and fair opportunity to challenge the search of his phone.*

Woods's ground-five suppression claim is barred by the Supreme Court's holdings in *Stone*, and his insistence that he was denied an evidentiary hearing does not save it. Woods was given two opportunities to litigate his Fourth Amendment concerns during hearings on his

---

[49] ECF No. 34-2 at 9.
[50] ECF No. 34-10.
[51] ECF No. 34-15 at 8.
[52] ECF No. 34-25 at 2–3.
[53] *See* ECF No. 44 at 9–14.

11

motion to suppress.[54] The state trial court afforded Woods ample opportunity to explain what information he hoped to adduce at an evidentiary hearing, and he repeatedly failed to do so.[55] Because Woods was not deprived of an opportunity for full and fair litigation of the motion to suppress, I find that ground five is barred by Stone and I grant respondents' motion to dismiss it.

**C.    Respondents have not shown a basis to dismiss Wood's cumulative-error claim in ground seven.**

In ground seven, Woods argues that the cumulative errors of his trial counsel entitle him to habeas relief.[56] Respondents contend that cumulative-error claims are not cognizable on federal habeas review, citing decisions from other circuits.[57] It acknowledges that the Ninth Circuit Court of Appeals has recognized cumulative-error habeas claims but contends that the circuit split means that "whether the cumulative effect of errors is cognizable under . . . AEPDA is not 'clearly established.'"[58] The Supreme Court has not resolved that split, however, and the Ninth Circuit has consistently interpreted the Supreme Court's opinion in *Chambers v. Mississippi* to establish the basis for a cumulative-error claim.[59] I am bound by the Ninth

---

[54] *See Caldwell v. Cupp*, 781 F.2d 714, 715 (9th Cir. 1984) (noting that "[a]ll *Stone v. Powell* requires is the initial opportunity for a fair hearing").

[55] *See Mack v. Cupp*, 564 F.2d 898, 902 (9th Cir. 1977) (denying habeas relief on petitioner's claim that the state court failed to hold an evidentiary hearing, finding that the petitioner had an opportunity to present "all relevant facts" to the trial court and crediting the trial court's conclusion that an evidentiary hearing was unnecessary).

[56] ECF No. 1 at 41.

[57] ECF No. 28 at 13–14 (citing opinions from the Sixth, Fourth, Eighth, and Tenth Circuits holding that cumulative-error claims are not cognizable on federal habeas review).

[58] *Id.* at 13.

[59] *See Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) ("The Supreme Court has clearly established that the combined effect of multiple trial-court errors violates due process where it renders the resulting criminal trial fundamentally unfair." (cleaned up) (quoting *Chambers v. Mississippi*, 410 U.S. 284, 298 (1973)); *see also, e.g., Michaels v. Davis*, 51 F.4th 904, 935 (9th

Circuit's interpretation, so I find that Woods's cumulative-error claim is cognizable, and I deny the respondents' motion to dismiss ground seven on that basis.

Respondents also contend that Woods's cumulative-error claim is unexhausted.[60] They acknowledge that Woods did raise a cumulative-error claim on direct appeal that encompassed grounds two through six of his federal petition. They argue that, because Woods's first ground for ineffective assistance of counsel wasn't raised as part of the cumulative-error claim on direct appeal, any error resulting from that claim shouldn't be considered in ground seven.[61]

At this stage I find it unnecessary to determine whether to consider Woods's procedurally defaulted ineffective-assistance claim in a merits decision on his cumulative-error claim. Woods must still clear the significant hurdle of showing that this court should excuse his default on that ground. Because I defer my consideration of his procedural-default argument until merits review, I don't consider whether that claim should be considered in any cumulative-error analysis at this time. If necessary, I will address that issue on merits review, too. For now, I deny respondents' motion to dismiss ground seven without prejudice to their ability to raise their exhaustion argument in their answer.

**Conclusion**

IT IS THEREFORE ORDERED that **respondents' motion to dismiss [ECF No. 28] is GRANTED IN PART AND DENIED IN PART**. Ground five of Woods's amended habeas petition [ECF No. 17] is dismissed. In all other respects, the motion to dismiss is denied.

---

Cir. 2022) (analyzing cumulative-error claim on habeas review); *Noguera v. Davis*, 5 F.4th 1020, 1051 (9th Cir. 2021) (same).

[60] ECF No. 28 at 11.

[61] ECF No. 49 at 2 (arguing that this court "should find that ground seven is unexhausted to the extent it includes ineffective-assistance-of-counsel claims, which Woods failed to present in his direct appeal cumulative-error claim" (cleaned up)).

13

IT IS FURTHER ORDERED that **respondents have until April 22, 2025, to file an answer to the remaining claims**. Otherwise, the schedule for further proceedings set forth in the scheduling order entered on March 13, 2023, [ECF No. 9] remains in effect.

IT IS FURTHER ORDERED that **the Clerk of Court is directed to SUBSTITUTE Terry Royal for Jeremy Bean** as the respondent warden under Federal Rule of Civil Procedure 25(d).

_____
U.S. District Judge Jennifer A. Dorsey
January 22, 2025

14